IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| THOMAS W. SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 08-0361-CV-W-RED |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Thomas W. Sanders ("Sanders") seeks judicial review of the Commissioner's denial of his request for a period of disability and disability insurance benefits under Title II of the Social Security Act. Plaintiff has exhausted all of his administrative remedies, and judicial review is now appropriate. After carefully reviewing the record, the Court hereby **AFFIRMS** the decision of the Commissioner.[1]

## BACKGROUND

The parties present complete facts and arguments in their briefs. The decisions of the Appeals Council and the Administrative Law Judge ("ALJ") also set forth comprehensive findings of fact and conclusions of law. The parties' facts and arguments as well as the Appeals Council's and the ALJ's findings and conclusions are repeated herein only as necessary to explain the Court's decision.

The procedural background of this case is noteworthy. The ALJ determined that Sanders

---

[1] Because the Court finds that substantial evidence supports the Commissioner's decision and that the Commissioner applied the correct standard of law, the Court adopts much of defendant's brief without quotation or citation.

was not disabled because he retained a residual functional capacity ("RFC") such that he could meet the demands of his past relevant work as a dispatcher. Sanders requested that the Appeals Council review the ALJ's decision. On March 11, 2008, the Appeals Council decided that because Sanders started working as a dispatcher after his alleged disability onset date, the ALJ erred in classifying this position as "past relevant work." However, the Appeals Council determined that Sanders was not disabled for a different reason—Sanders can meet the demands of his past work as a trucking supervisor. Except for this modification, the Appeals Council adopted the ALJ's decision *in toto*.

The Appeals Council has the power to "affirm, modify or reverse the administrative law judge hearing decision." 20 C.F.R. § 404.979. In this case, the Appeals Council acted within its authority and modified the ALJ's decision. This Court reviews the "final decision of the Commissioner of Social Security." 42 U.S.C. § 405(g). Here, that decision is the decision of the Appeals Council.

## LEGAL STANDARD

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because

2

substantial evidence supports a different result.  *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999).  This is true even if the Court might have weighed the evidence differently and reached a different result if a *de novo* review were applied.  *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment.  *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975).  The Court reviews the Commissioner's decision to determine whether he followed the implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are: (1) whether the claimant is currently engaging in "substantial gainful activity," (2) whether the claimant is severely impaired, (3) whether the severe impairment is, or is comparable to, a listed impairment precluding substantial gainful activity as a matter of law, (4) whether the claimant, with his current RFC, can meet the demands of his past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2006); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (discussing the five-step analysis).  In the first four steps, the burden is on the claimant to prove that he is disabled.  If the claimant is not able to perform his past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with

3

the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

## DISCUSSION

Sanders argues that the Commissioner (1) improperly discredited Sanders's subjective complaints and (2) improperly decided that Sanders can meet the demands of his past work.

### *The Commissioner properly discredited Sanders's subjective complaints.*

The Appeals Council adopted the portion of the ALJ's decision that discredited Sanders's subjective complaints. Sanders argues that the ALJ's decision to discredit Sanders's subjective complaints is not supported by the record.

When evaluating the credibility of a claimant's subjective complaints, "the adjudicator must give full consideration to all of the evidence presented." *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). Among the factors to consider are the objective medical evidence; claimant's prior work record; claimant's daily activities; the duration, frequency and intensity of claimant's pain; precipitating and aggravating factors; dosage, effectiveness, and side effects of medication; and functional restrictions. *Id.* "While these considerations must be taken into account, the ALJ's decision need not include a discussion of how every *Polaski* factor relates to the claimant's credibility." *Casey v. Astrue*, 503 F.3d 687, 695 (8th Cir. 2007).

Here, the ALJ considered the above listed factors and determined that "the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but . . . the claimant's statements concerning the intensity, duration and limiting effects of these symptoms are not entirely credible." The ALJ noted that Sanders continued to

work while suffering from the vast majority of the impairments he now claims are disabling. *Goff v. Barnhart*, 421 F.3d 785, 792 (8th Cir. 2005) ("[w]orking generally demonstrates an ability to perform substantial gainful activity"). The ALJ also noted that according to the medical records, most of Sanders's health issues resolved after a 2004 back surgery. As for Sanders's remaining health complaints, he has failed to diet, exercise, and use a CPAP despite his doctors' advice that these practices would help his sleep apnea, heart issues, blood pressure, diabetes, and weight problems. *Choate v. Barnhart*, 457 F.3d 865, 872 (8th Cir. 2006) ("an ALJ may properly consider the claimant's noncompliance with a treating physician's directions, including failing to take prescription medications, seek treatment, and quit smoking"). The medical records also show that when Sanders follows his doctors' advice, his health issues stabilize. *Kelley v. Callahan*, 133 F.3d 583, 589 (8th Cir. 1998) ("[i]mpairments that are controllable or amenable to treatment do not support a finding of disability, and failure to follow a prescribed course of treatment without good reason can be a ground for denying an application for benefits"). Finally, the ALJ found it significant that "no treating or examining physician opined the claimant was disabled even when considering the combined effects of his multiple impairments."

The ALJ properly analyzed Sanders's subjective complaints pursuant to *Polaski*. The Commissioner's decision to discredit Sanders's subjective complaints is supported by substantial evidence on the record as a whole.

### *The Commissioner properly decided that Sanders can meet the demands of his past work.*

Sanders argues that the ALJ erred in concluding that Sanders can meet the demands of his past work as a dispatcher because the ALJ did not identify the demands of Sanders's past

5

work and compare those demands with his functional capabilities. Due to the procedural posture of this case as outlined above, this portion of the ALJ's decision was modified by the Appeals Council's decision. Accordingly, Sanders's argument fails.

Sanders's argument also fails if Sanders is arguing that the Appeals Council erred in concluding that Sanders can meet the demands of his past work as a trucking supervisor. The Appeals Council noted that "the claimant stated that [as a trucking supervisor] he only stood or walked one hour each in an eight-hour day and did not lift or carry more than 10 pounds." The portion of the ALJ's decision adopted by the Appeals Council states that "the claimant has the residual functional capacity to perform work of sedentary exertion in that he is able to lift and/or carry 10 pounds, stand and/or walk 2 hours of an 8 hour workday, sit for 6 hours of an 8 hour workday, provided such work involves no climbing, and only occasional bending, twisting, crouching, crawling, or kneeling." Accordingly, the Appeals Council properly identified the demands of Sanders's past work as a trucking supervisor and compared those demands with Sanders's functional capabilities. The Appeals Council's decision that Sanders can meet the demands of his past relevant work as a trucking supervisor is supported by substantial evidence on the record as a whole.

## CONCLUSION

Upon review of the record, the Court finds that substantial evidence on the record as a whole supports the ALJ's findings and conclusions in this case. Accordingly, the Court **AFFIRMS** the decision of the ALJ.

**IT IS SO ORDERED.**

DATE: April 8, 2009     */s/ Richard E. Dorr*
RICHARD E. DORR, JUDGE
UNITED STATES DISTRICT COURT